**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODRIGO SOLANO-RIVERA, | No. 09-70637 |
| Petitioner, | Agency No. A079-561-082 |
| v. | MEMORANDUM[*] |
| ERIC HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of
The Board of Immigration Appeals

Argued September 11, 2013; submitted March 4, 2015
San Francisco, California

Before:     KOZINSKI and BERZON, Circuit Judges, and ZOUHARY,[**] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.


[**]     The Honorable Jack Zouhary, United States District Judge, Northern
District of Ohio, sitting by designation.

Petitioner Rodrigo Solano-Rivera challenges a February 2007 Board of Immigration Appeals ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

As Petitioner recognized in his supplemental brief, we lack jurisdiction under 8 U.S.C. § 1252 to review either the February 2007 BIA decision, or the February 2009 BIA decision affirming denial of voluntary departure. *See* Pet'r Supp. Brief at 1. Our intervening en banc decision in *Abdisalan v. Holder*, 774 F.3d 517 (9th Cir. 2014), does not disrupt our line of cases holding that a remand by the BIA to an IJ solely to consider voluntary departure does not affect the finality of the BIA's decision for purposes of our review. *See id.* at 526 n.8; *see also Pinto v. Holder*, 648 F.3d 976, 986 (9th Cir. 2011).

Petitioner asks that we transfer his case to the district court under 28 U.S.C. § 1631 so that he may challenge the order of removal under 28 U.S.C. § 2241.

A habeas petition generally may not be used to contest an order of removal. *See* 8 U.S.C. § 1252(a)(5). Petitioner asserts his case is different because, under *Molina-Camacho v. Ashcroft*, 393 F.3d 937, 941 (9th Cir. 2004), *overruled by Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc), had he petitioned for review of the February 2007 BIA decision within thirty days of its entry, we would

have dismissed his petition as premature. Because we have since overruled *Molina-Camacho*, and because his petition for review is now untimely, Petitioner argues that application of our shifting caselaw to these proceedings raises Suspension Clause concerns that only a § 1631 transfer can allay.

*Molina-Camacho* held that an appeal from a BIA decision was premature where the BIA had reversed the IJ's grant of relief from removal and issued an order of removal, rather than remanding to the IJ for issuance of the order. *See Molina-Camacho*, 393 F.3d at 941–42. Here, by contrast, the IJ denied all forms of relief from removal, and thus there was no occasion for the BIA to reverse any grant of relief. Under *Castrejon-Garcia v. I.N.S.*, 60 F.3d 1359, 1361–62 (9th Cir. 1995), Petitioner could have sought review of the February 2007 BIA decision within thirty days of its entry. *See also Pinto* 648 F.3d at 979–80, 985. Because Petitioner was not denied an opportunity for judicial review of the BIA decision, we deny the § 1631 transfer request.

**PETITION DISMISSED.**

3