**NOT FOR PUBLICATION**

**FILED**

NOV 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MUSTAFA TANIN, | No. 17-71871 |
| Petitioner, | Agency No. A206-317-913 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 8, 2018
Portland, Oregon

Before: TALLMAN and IKUTA, Circuit Judges, and BOUGH,** District Judge.

Mustafa Tanin, a native and citizen of Afghanistan, petitions for review of

the denial of his application for asylum, withholding of removal, and protection

under the Convention Against Torture (CAT). We have jurisdiction under 8

U.S.C. § 1252, and we dismiss in part and deny in part the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

We review the BIA's credibility finding for substantial evidence and reverse only if "the evidence compels a contrary result." *Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir. 2006) (quotations and citation omitted); *see also Shrestha v. Holder*, 590 F.3d 1034, 1044–45 (9th Cir. 2010). "[A]n adverse credibility determination may be supported by omissions [in an application] that are not details, but new allegations that tell a much different—and more compelling— story of persecution than [the] initial application." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185–86 (9th Cir. 2016) (quotations and citation omitted). At Tanin's second merits hearing, he testified that the Taliban burned him on his back with a hot iron, even though he had not mentioned the incident in any of the earlier proceedings or in his asylum application. This attack was one of two physical attacks he allegedly suffered, and thus was a compelling new allegation rather than just a detail. *See id.* Therefore, substantial evidence supports the BIA's adverse credibility finding.

Tanin's past persecution claim also fails. The last analysis of Tanin's claim was by the BIA on his first appeal, when it determined Tanin had not offered sufficient evidence of past persecution. Tanin improperly relies on evidence that was introduced or corroborated at the second merits hearing, which was not in the record before the BIA on his first appeal. On remand from the first appeal, Tanin did not argue that his past persecution claim should have been reanalyzed using

new evidence produced at the second merits hearing. It stands unchallenged. *See Abebe v. Mukasey,* 554 F.3d 1203, 1208 (9th Cir. 2009) (concluding that a petitioner only exhausts claims he raises and argues in his brief to the BIA).

Because Tanin did not argue that evidence introduced or corroborated at the second merits hearing should be applied to his past persecution claim at the appropriate time, the claim he now presses before us is unexhausted, and Tanin cannot rely on this later introduced evidence to prove up his past persecution claim. We lack jurisdiction to review in this manner the claim on the record before us. *Id.* And Tanin makes no argument that the past persecution finding was not supported by substantial evidence based solely on evidence in the record at the time of the first BIA decision.

Additionally, on his second appeal, Tanin did not clearly and distinctly raise a claim of a well-founded fear of future persecution based on either social group membership or imputed political opinion as related to his United States military affiliation. *See Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016) (A "conclusory statement does not apprise the BIA of the particular basis for [an applicant's claim] that the IJ erred."). We thus lack jurisdiction to review these unexhausted claims. *See* 8 U.S.C. § 1252(d)(1) ("[This] court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right."); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (holding no subject-

3

matter jurisdiction over unexhausted claims).

Tanin asserts that the record supports a fear of future persecution and a clear probability of torture premised on his religion, ethnicity, and political opinion. The only evidence connecting Tanin's political opinion based on his National Unity Party membership to his fear of future persecution or torture is his own testimony, which, as discussed above, was deemed unreliable. To the extent other documentary evidence suggests persecution of Hazara and Shia Muslims in Afghanistan, the BIA did not err in denying his petition on these grounds because there was no evidence Tanin's similarly situated family had been harmed on religious or ethnic grounds despite remaining in Afghanistan. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) (noting that a claim of future persecution can be weakened or undercut when family members or similarly situated individuals live in the country without harm), *superseded by statute on other grounds as stated in Ramadan v. Gonzalez*, 479 F.3d 646 (9th Cir. 2007).

Finally, the BIA's denial of Tanin's CAT claim because the Afghan government is not acquiescing to any torture of its citizens by the Taliban is supported by substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

**PETITION FOR REVIEW DISMISSED IN PART, DENIED IN PART.**

4