NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

QIANYING HUANG,

        Petitioner,

    v.

WILLIAM P. BARR, Attorney General,

        Respondent.

No.   18-72191

Agency No. 208-839-398

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2020[**]
Portland, Oregon

Before: WATFORD and HURWITZ, Circuit Judges, and BATTAGLIA,[***]
District Judge.

    Qianying Huang, a native and citizen of China, petitions for review of a

decision of the Board of Immigration Appeals ("BIA") dismissing her appeal from

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Anthony J. Battaglia, United States District Judge for
the Southern District of California, sitting by designation.

the order of an immigration judge ("IJ") denying her application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

First, substantial evidence supports the adverse credibility determination. "We review factual findings, including adverse credibility determinations, for substantial evidence." *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (citation omitted). Substantial evidence supports the adverse credibility determination based on the inconsistencies within Huang's testimony and documentary evidence regarding: (1) where she lived in China, (2) the number on her identification card, (3) events relating to her sterilization, and (4) the date of her marriage. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (holding an adverse credibility determination reasonable based on "the totality of circumstances"). Huang's explanations for these inconsistencies do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

Second, the Court lacks jurisdiction to review Huang's arguments regarding her corroborative evidence and whether she established an objectively well-founded fear of future persecution based on her religion. Huang failed to meaningfully exhaust with the BIA any challenge to the IJ's conclusion that she did not submit enough corroborative evidence to meet her burden of proof on her asylum and

withholding of removal claims. In addition, Huang did not exhaust with the BIA the IJ's conclusion that Huang failed to establish an objectively well-founded fear of future persecution. Accordingly, the Court lacks jurisdiction to review these claims. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004) (holding that the Court lacks jurisdiction to review claims not presented to the agency).

Lastly, Huang did not challenge the IJ's disposition of her CAT claim on appeal to the BIA. Accordingly, she "failed to exhaust [that] claim below—and this court therefore has no jurisdiction to review that decision." *Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016).

**PETITION FOR REVIEW DENIED.**