**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ELTON YADIMIR MENDOZA RIZO,
*Petitioner*,

v.

LORETTA E. LYNCH,
*Respondent*.

No. 13-74216

Agency No.
A099-907-845

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
November 20, 2015—San Francisco, California

Filed January 14, 2016

Before: Milan D. Smith, Jr. and N. Randy Smith, Circuit
Judges, and Shira Ann Scheindlin,\* Senior District Judge.

Opinion by Judge Scheindlin

---

\* The Honorable Shira Ann Scheindlin, Senior District Judge for the
U.S. District Court for the Southern District of New York, sitting by
designation.

## SUMMARY**

### Immigration

The panel denied a petition for review of the Board of Immigration Appeals' denial of asylum, concluding that the Board's remand to the immigration judge for proceedings related to voluntary departure did not deprive this court of jurisdiction over the petition, but this court lacked jurisdiction to review petitioner's unexhausted asylum claim, and the manner in which the IJ conducted removal proceedings did not deprive petitioner of due process.

The panel clarified that *Pinto v. Holder*, 648 F.3d 976, 980 (9th Cir. 2011) remains good law following *Abdisalan v. Holder*, 774 F.3d 517 (9th Cir. 2014) (en banc), and this court has jurisdiction to review a petition where all substantive matters judicially reviewable by this court have been finalized, and the only pending matter concerns voluntary departure — itself a form of removal, the granting or denial of which this court lacks jurisdiction to review pursuant to 8 U.S.C. § 1299c(f).

The panel held that petitioner's asylum claim was unexhausted because his statements to the Board failed to meaningfully apprise it of the basis for his appeal.

The panel further held that although the IJ conducted the removal hearing in an aggressive manner, the IJ did not

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

violate petitioner's due process rights during the removal hearing.

## COUNSEL

Stephanie Rice (argued), Samantha L. Amato, Hardy Law Group, Reno, Nevada; Ian Silverberg, Law Offices of Ian Silverberg, Reno, Nevada, for Petitioner.

Craig Alan Newell (argued) and Jeffrey J. Bernstein, Joyce R. Branda, Acting Assistant Attorney General, and Carl McIntyre, Assistant Director, Office of Immigration Litigation, Civil Division, Washington, D.C., for Respondent.

## OPINION

SCHEINDLIN, District Judge:

Elton Yadimir Mendoza Rizo, a native and citizen of Nicaragua, petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming the denial of his application for asylum and denying Rizo's due process claim with regard to his removal proceedings before the Immigration Judge ("IJ").[1] The government argues that Rizo is not currently subject to a final order of removal, as the BIA remanded Rizo's case to the IJ for further proceedings that

---

[1] Rizo also asked the BIA to reverse the IJ's denial of his application for withholding of removal, and relief under the Convention Against Torture ("CAT"). Because Rizo has not asked us to review those claims in his briefing for this appeal, we do not discuss those issues. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

remain pending, and that this court therefore lacks jurisdiction to review his claims.

We disagree. Because the BIA remanded Rizo's case to the IJ solely for proceedings related to voluntary departure, he is subject to a final order of removal reviewable by this court. Because Rizo's asylum claim was not meaningfully exhausted before the BIA, this court lacks jurisdiction to review it. Finally, Rizo has failed to demonstrate that the manner in which the IJ conducted the removal proceedings violated his due process rights. For these reasons, the petition is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Rizo's father, a general prosecutor for the Constitutional Liberty Party in Nicaragua, was murdered by Sandinista political opponents in Nicaragua in 2001. Rizo spent several years in hiding with his mother and brother (also a Constitutional Liberty Party member), before his brother fled to the United States in 2005. Rizo fled Nicaragua and entered the United States as an unaccompanied minor on April 25, 2007. On September 28, 2009, at the age of twenty, Rizo filed an I-589 Application for Asylum. Rizo was issued a notice to appear for removal proceedings by the Department of Homeland Security on December 9, 2009, after he canceled his asylum interview.

Rizo's removal hearing occurred on February 9, 2010. Rizo conceded to the charge of removability, but sought relief in the form of asylum, withholding of removal, and protection under the CAT — or, in the alternative, voluntary departure. Rizo presented both himself and his brother as witnesses; both were aggressively cross-examined by the IJ. The IJ

found that Rizo's asylum claim was untimely and that he did not have a well-founded fear of persecution, including future persecution, should he return home. Voluntary departure was granted.

On November 16, 2011, Rizo filed a timely notice of appeal to the BIA appealing the IJ's decision and charging the IJ with violation of his due process rights, due to the aggressive manner in which the IJ conducted the hearing. The BIA rejected petitioner's appeal of the IJ's decision. In its decision, the BIA determined that Rizo had not meaningfully challenged the IJ's disposition of his asylum claim on appeal. The BIA found no merit in Rizo's due process claim, as he had shown neither error nor prejudice.

Rizo's case was remanded to the IJ solely for proceedings related to the granting of voluntary departure. This appeal followed.

## JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction to review "a final order of removal," 8 U.S.C. § 1252, defined as "the order" of the IJ "concluding that the alien is deportable or ordering deportation." *Id.* § 1101(a)(47)(A). "The order" then becomes "final upon the earlier of": "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B).

The factual findings underlying the BIA's determination of eligibility for asylum are reviewed to determine whether those findings are supported by substantial evidence. *See,*

*e.g.*, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). Challenges to IJ proceedings on due process grounds are reviewed by this court de novo. *See, e.g.*, *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 599–600 (9th Cir. 2002).

## DISCUSSION

### A. Rizo Is Subject to a Final Order of Removal

Our precedent dictates that Rizo petitioned for review from a final order of removal. The IJ's decision was an order of removal: after denying Rizo's claims for asylum, withholding of removal, and protection under the CAT, the IJ granted a period of voluntary departure with an alternate order of removal to Nicaragua. This order of removal then became final when the BIA affirmed the IJ's disposition of Rizo's claims. *See* 8 U.S.C. § 1101(a)(47)(B).

The BIA's remand to the IJ did not affect the finality of the order of removal, as the IJ's only role on remand was to provide certain necessary advisals regarding voluntary departure, and grant Rizo a new voluntary departure period. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 explicitly deprives us of jurisdiction to review an agency's disposition of a petitioner's request for voluntary departure. *See* 8 U.S.C. § 1229c(f). "Accordingly, the BIA's decision denying asylum, withholding of removal, and CAT protection but remanding to the IJ for voluntary departure proceedings is a final order of removal . . . ." *Pinto v. Holder*, 648 F.3d 976, 980 (9th Cir. 2011).

The government, however, submits that this case is controlled by our recent decision in *Abdisalan v. Holder*,

774 F.3d 517 (9th Cir. 2014). In that case, we held that a decision by the BIA cannot be a final order of removal until all administrative proceedings have concluded, even if the BIA decision finalizes certain claims while remanding others to the IJ for further proceedings. *Id.* at 526. *Abdisalan* resolved a tension between two decisions of this circuit, *Go v. Holder*, 640 F.3d 1047 (9th Cir. 2011) and *Li v. Holder*, 656 F.3d 898 (9th Cir. 2011). In *Go*, we held that there was no final order of removal — and we therefore lacked jurisdiction — until *all* administrative proceedings before the IJ had concluded. 640 F.3d at 1051–52. In *Li*, we held that there was a final order of removal as to an asylum claim when the BIA affirmed the IJ's denial of said claim, even when other issues were remanded to the IJ for further proceedings. 656 F.3d at 904. *Abdisalan* closed this split in our circuit's law in favor of *Go*, holding that "when the [BIA] issues a decision that denies some claims but remands any other claims for relief to an [IJ] for further proceedings . . . the BIA decision is not a final order of removal with regard to any of the claims." 774 F.3d at 520.

Today, this court clarifies our holding in *Abdisalan* — and holds that *Pinto* remains the law of the Circuit.[2] As we have recognized elsewhere, "[o]ur [] en banc decision in *Abdisalan v. Holder* does not disrupt our line of cases holding that a remand by the BIA to an IJ solely to consider voluntary departure does not affect the finality of the BIA's decision for purposes of our review." *Solano-Rivera v. Holder*, 599 Fed. App'x 271, 271 (9th Cir. 2015) (citation omitted). In this

---

[2] Under the facts of the *Abdisalan* case, we specifically declined to "revisit our rule [set forth in *Pinto*] that the BIA's decision is a final order of removal when it remands for consideration of voluntary departure but denies all other forms of relief." *Abdisalan*, 774 F.3d at 526 n.8.

case, as in *Pinto*, the court is presented with a petition where all substantive matters judicially reviewable by this court have been finalized. The only pending matter concerns voluntary departure — itself a form of removal, the granting or denial of which we are powerless to review by congressional mandate. *See* 8 U.S.C. § 1299c(f).

The concerns we expressed in *Adbisalan* are therefore completely absent: there is no "mixed BIA decision" finalizing the negative disposition of certain claims for relief while remanding other claims that could yet lead to relief from deportation. 774 F.3d at 524. There is no threat that the order of removal could become final at multiple points in time. *See id.* When the BIA remanded Rizo's claim to the IJ, Rizo was subject to the single, final order of removal contemplated by Congress and confirmed by this court in *Abdisalan*. *See id.* at 526 ("These agency interpretations shed further light on what the text of the statute already implies: in a case like Abdisalan's, there is only one final order of removal, and when the BIA remands to the IJ, that order is not 'final' until administrative proceedings have concluded."). Any concerns regarding the efficient utilization of this court's limited resources are also ameliorated. The complete portfolio of issues capable of being reviewed by this court is finalized, even if non-reviewable administrative matters regarding voluntary departure remain pending.

*Abdisalan* did not overturn *Pinto*, and does not disturb *Pinto*'s holding that a BIA remand for further proceedings as to voluntary departure does not affect the finality of an otherwise-final order of removal. We have jurisdiction over Rizo's petition for review under 8 U.S.C. § 1252, and we may review the merits of his petition.

**B. Rizo's Claims Fail**

**1. Asylum**

This court lacks jurisdiction over Rizo's asylum claim, as the BIA correctly determined that he had failed to meaningfully challenge the IJ's denial of asylum on appeal. Rizo's brief before the BIA contains only two sentences regarding the IJ's denial of asylum, which reads:

> [I]t is also respectfully submitted that the Respondent did present a case of a well-founded fear of persecution on the basis of imputed political opinion, and that the evidence of the brutal killing of his father and of other families who were involved in similar political activity, clearly supports a well-founded fear of persecution, and certainly not a "hysterical" fear, as was stated by the [IJ]. The government presented no evidence of changed conditions.

This conclusory statement does not apprise the BIA of the particular basis for Rizo's claim that the IJ erred; it merely asserts that the IJ erred. Such a submission does not meaningfully challenge the IJ's decision on appeal. *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 820–21 (9th Cir. 2003).**[3]** Furthermore, Rizo failed to challenge the IJ's finding

---

**[3]** In *Rojas-Garcia v. Ashcroft*, this court instructed that the petitioner is required to set forth the basis for challenging the IJ's decision.

> It should be clear whether the alleged impropriety in the [IJ] decision lies with the [IJ's] interpretation of the

that Rizo's asylum application was time-barred, stating only that "[i]f the court finds that the Respondent's arguments in support of the late filing of the I-589 are not compelling, then it is respectfully submitted that the Respondent did make out a prima facie case of eligibility for withholding of removal." Because Rizo failed to meaningfully challenge the IJ's disposition of his asylum claim on appeal, he failed to exhaust his asylum claim below — and this court therefore has no jurisdiction to review that decision. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) (holding that claims raised, but then not pursued, in briefing to the BIA are not properly exhausted).

### 2. Due Process

Rizo contends his initial removal proceeding violated his right to due process because the IJ "exceeded his bounds as a neutral arbiter and usurped the role of opposing counsel" in aggressively questioning both Rizo and Rizo's witness while testifying. The BIA rejected Rizo's claim.

---

facts or his application of legal standards. Where a question of law is presented, supporting authority should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested.

339 F.3d at 820 (alteration omitted) (quoting *Toquero v. INS*, 956 F.2d 193, 195 (9th Cir. 1992)). If the petitioner does not specify what errors the IJ made, the BIA would be "left to reconstruct the IJ proceedings, infer factual error without knowledge of what precise error is complained of, and build the legal analysis from only general statements of legal conclusion." *Id*. at 821.

We will reverse the BIA's decision on due process grounds only if the underlying IJ proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Platero-Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir. 1986). Importantly, a mere showing that the IJ was unfriendly, confrontational, or acted in an adversarial manner is not enough to meet this burden. *See, e.g.*, *Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir. 2003); *Perez-Lastor v. INS*, 208 F.3d 773, 782 n.9 (9th Cir. 2000); *see also* 8 C.F.R. § 1003.10 (IJ empowered to "interrogate, examine, and cross-examine" witnesses). Even if a removal hearing was conducted in a fundamentally unfair manner, a "petitioner must show prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Zolotukhin v. Gonzales*, 417 F.3d 1073, 1076 (9th Cir. 2005) (internal quotation marks and alteration omitted).

Rizo's due process rights were not violated by the IJ. While the record indicates that the IJ conducted Rizo's removal hearing in an aggressive manner, the IJ did not deny him a fair hearing. Rizo was permitted to testify on his own behalf, was permitted to present the testimony of an additional witness (the only other witness he proffered), and was permitted to submit additional documentary evidence. Furthermore, Rizo's counsel never suggested — either in his brief before the BIA, or at the IJ hearing itself — that the IJ had obstructed counsel's ability to represent his client. Rizo was able to reasonably present his case. We therefore affirm the BIA's dismissal of Rizo's due process claim.

## CONCLUSION

We hold that *Pinto v. Holder* remains good law after our decision in *Abdisalan v. Holder*, and that Rizo was therefore subject to a final order of removal when the BIA remanded his case to the IJ for proceedings related solely to voluntary departure. Rizo's due process rights were not violated by the IJ during the removal hearing. Rizo's remaining asylum claim fails for non-exhaustion. Rizo's petition for review is denied.

**PETITION DENIED.**