**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHI YUAN LIU; QIAO LING TANG, | No. 12-72866 |
| Petitioners, | Agency Nos. A076-217-282 |
| v. | A076-217-283 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2017**
San Francisco, California

Before: GRABER and FRIEDLAND, Circuit Judges, and MARSHALL,***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

\*** The Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

Petitioner Zhi Yun Liu,[1] a native and citizen of the People's Republic of China, petitions for review of an order by the Board of Immigration Appeals ("BIA"). The BIA dismissed Petitioner's appeal of an immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[2] We deny the petition.

1. Substantial evidence supports the conclusion that Petitioner did not testify credibly. See Kin v. Holder, 595 F.3d 1050, 1054 (9th Cir. 2010) ("We review an adverse credibility finding for substantial evidence."). In particular, the discrepancy between Petitioner's testimony as to when her husband left China and the documentary evidence goes to the heart of her claims and constitutes a "specific and cogent" reason to find her testimony incredible. Id. at 1055. Because the adverse credibility determination is supportable on that ground, there is no

---

[1] Petitioner's daughter, Qiao Ling Tang, joins in the petition for review. Her request for relief is completely derivative of Petitioner's, so her "claims succeed or fail with [Petitioner's] claims." Don v. Gonzales, 476 F.3d 738, 739 n.1 (9th Cir. 2007).

[2] Petitioner failed to challenge the IJ's disposition of her CAT claim on appeal to the BIA. Accordingly, she "failed to exhaust [that] claim below—and this court therefore has no jurisdiction to review that decision." Rizo v. Lynch, 810 F.3d 688, 693 (9th Cir. 2016).

reason to review the remaining grounds on which the BIA relied. Id.[3]

2. Substantial evidence supports the conclusion that, in light of her incredible testimony, Petitioner has not established past persecution. See Guo v. Ashcroft, 361 F.3d 1194, 1203 (9th Cir. 2004) ("In determining whether an applicant was subjected to past persecution, we review the record for substantial evidence."). The record does not compel the conclusion that the documentary evidence submitted by Petitioner establishes past persecution. The certificates showing that Petitioner underwent an abortion and had an intrauterine device ("IUD") implanted in 1990, do not establish that those procedures were performed without Petitioner's consent. The letter from Petitioner's mother stating that Petitioner was forced to undergo the abortion and the insertion of the IUD does not compel a different conclusion, as Petitioner's mother was not subject to cross-examination and her knowledge came entirely from what Petitioner told her.

3. The BIA's determination that Petitioner has not shown past persecution related to the secret removal of her IUD is supported by substantial evidence. The record does not compel the conclusion that Petitioner suffered any past persecution, including persecution on account of the removal of her IUD.

---

[3] Because Petitioner filed her asylum application before May 11, 2005, the REAL ID Act of 2005 does not apply. In re S-B-, 24 I. & N. Dec. 42, 43 (B.I.A. 2006).

4. Substantial evidence supports the conclusion that Petitioner has not established a well-founded fear of future persecution. The record does not compel the conclusion that Petitioner would face a reasonable possibility of persecution upon returning to China, Al-Harbi v. INS, 242 F.3d 882, 888 (9th Cir. 2001), either in retaliation for the removal of her IUD over 20 years ago or for giving birth to children in excess of the one-child limit while living in the United States, see In re J-W-S-, 24 I. & N. Dec. 185, 191 (B.I.A. 2007) ("The evidence of record suggests that if a returnee who has had a second child while outside of China is penalized at all upon return, the sanctions would be fines or other economic penalties.").

5. Because substantial evidence supports the conclusion that Petitioner has failed to qualify for asylum, substantial evidence necessarily supports the conclusion that Petitioner has failed to qualify for withholding of removal. Al-Harbi, 242 F.3d at 888–89.

**Petition DENIED.**