NOT FOR PUBLICATION

FILED

DEC 19 2018



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGIO RIOS-ARIZENDI, AKA Daniel Gutierrez Salgado, AKA Sergio Rios-Arizmendi, AKA Gabriel Rosas Rios,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW G. WHITAKER, Acting Attorney General,<br><br>Respondent. | No. 15-72238<br><br>Agency No. A095-763-160<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2018[**]
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges, and BASTIAN,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stanley Allen Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

Sergio Rios-Arizendi ("Rios"), native and citizen of Mexico, petitions for review of the Board of Immigration Appeals ("BIA")'s denial of withholding of removal and protection under the Convention Against Torture ("CAT"). Rios fears harm by the family members of a woman he accidentally killed in 1996 while driving a bus in Acapulco, Mexico. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

First, the immigration judge ("IJ") did not violate Rios's right to due process during the 2014 removal proceedings. *See Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016) ("We will reverse the BIA's decision on due process grounds only if the underlying IJ proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." (internal quotation marks omitted)).

Rios does not argue that the IJ's decision to review the audiotape of the 2009 removal proceedings during the 2014 proceedings was a due process violation. According to Rios, the due process violation occurred when the IJ initially decided to review the audiotape "outside of the courtroom, and out of the presence of the parties." However, he points to no statute or regulation that the IJ violated, and does not explain how he was prejudiced as a result of this review. *See id.* ("Even if a removal hearing was conducted in a fundamentally unfair manner, a petitioner must show prejudice, which means that the outcome of the proceeding may have

2

been affected by the alleged violation." (internal quotation marks omitted)). In addition, the IJ gave Rios's counsel the opportunity to ask questions and raise issues concerning the recording. Furthermore, any prejudice that Rios may have suffered was cured when the parties were provided with the full transcript of the 2009 proceedings and each side was given the opportunity to submit briefs to the BIA to address the tapes. Finally, although the IJ "closed the record for evidence" at the end of the October 6, 2014 hearing, the IJ provided both parties an opportunity to address any issues at a later hearing on November 10, 2014. Rios points to no evidence that he was prevented from getting admitted into the record during the later hearing as a result of the IJ's statements.

Second, substantial evidence supports the BIA's affirmance of the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Rios did not assert a fear of returning to Mexico at the 2009 proceedings as he claimed to have done at the 2014 proceedings. To the extent Rios believes the transcript of the 2009 proceedings was not complete, he had the opportunity to raise this issue in a brief with the BIA, but failed to do so. Rios is precluded from raising this issue in the first instance now. *See Arsdi v. Holder*, 659 F.3d 925, 928-29 (9th Cir. 2011).

Third, substantial evidence supports the Agency's determination that Rios failed to meet his burden of proof for withholding of removal. *See* 8 C.F.R. § 1208.16(b).

Rios submitted various documents regarding the murder of his uncle and an attack on his cousin in Mexico. However, none of the cited documents demonstrate that the family of the woman killed in the bus accident was involved in either crime, or that there is a connection between that family and the police in Mexico. Moreover, although Rios submitted evidence demonstrating that Mexico has a high crime rate, he produced no evidence demonstrating that the family was involved in the crime, nor that the Mexican police or government were in any way complicit.

Rios also points to his testimony that four members of the police beat him for his involvement in the accidental killing of the woman, the woman's family attempted to bribe his cellmate to kill him, and he was attacked by a fellow inmate in prison. However, this evidence is exclusively based on Rios's own testimony, which was found to be not credible.

Fourth, substantial evidence supports the Agency's determination that Rios failed to meet his burden of proof for protection under CAT. *See* 8 C.F.R. § 1208.16(c)(2).

4

The general country conditions do not support Rios's claim. Rios failed to demonstrate that the torture he fears would be at the acquiescence of a public official, because he failed to show a nexus between the woman's family and the Mexican government. *See* 8 C.F.R. § 1208.18(a)(1), (a)(7). The Agency pointed to evidence that the police "chased down the individuals involved in [Rios's] uncle's death and that they were in police custody." Such actions are inconsistent with the notion that the Mexican government acquiesces in torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1035 (9th Cir. 2014).

In addition, Rios points to his testimony regarding the beating by the police officers as well as the attack that took place in prison, which he argues constitute "past torture." However, as explained above, Rios's testimony was not credible.

Finally, the Agency properly rejected his testimony about the attacks on his uncle and cousin. The Agency rejected the testimony not only because of a lack of credibility, but also because of a lack of a nexus demonstrating that the harm to his uncle and cousin was done by the woman's family with the acquiescence of public officials. Rios failed to demonstrate how the record compels a contrary conclusion to the BIA's findings.

**PETITION FOR REVIEW DENIED**.