**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELEUTERIO REYES VASQUEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   17-70129

Agency No. A096-061-860

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 22, 2020[**]
Pasadena, California

Before:  RAWLINSON, LEE, and BRESS, Circuit Judges.

Eleuterio Reyes Vasquez petitions for review of the Board of Immigration

Appeals' reversal of the Immigration Judge's decision to grant his application for

cancellation of removal.  We agree that the Immigration Judge erred, so we deny

the petition.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

First, the government argues that we lack jurisdiction because the BIA remanded the case for further consideration. But because the BIA remanded only to address issues regarding voluntary departure, this court has jurisdiction. *See Rizo v. Lynch*, 810 F.3d 688, 691 (9th Cir. 2016).

Second, issue preclusion does not apply to the prior Immigration Judge's statement that Reyes's domestic violence conviction did not disqualify him from relief. The previous oral decision concluded that Reyes failed to show the requisite hardship for cancellation of removal. The prior Immigration Judge's short, one-sentence comment in the oral decision that Reyes's prior conviction did not disqualify him from relief had no relation to the ultimate conclusion about lack of demonstrated hardship. Thus, even assuming that the prior proceeding is a final judgment for preclusion purposes despite being reopened, the issue of whether the prior conviction for domestic violence disqualified Reyes from relief was not necessarily decided because "its determination was merely incidental to the judgment in the prior action." *Resolution Tr. Corp. v. Keating*, 186 F.3d 1110, 1115 (9th Cir. 1999). Therefore, issue preclusion did not apply.

**PETITION FOR REVIEW DENIED.**