NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 30 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NOLVIA MEJIA-ALFARO; ISAI
OTONIEL MATEO-MEJIA,

              Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No.   19-72055

Agency Nos.   A202-130-609
                    A202-130-608

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 10, 2021
San Francisco, California

Before: CHRISTEN and BADE, Circuit Judges, and FEINERMAN,** District
Judge.

    Nolvia Mejia-Alfaro and Isai Otoniel Mateo-Mejia ("Petitioners"), natives of

Honduras, petition for review of the Board of Immigration Appeals' ("BIA")

dismissal of their appeal from an immigration judge's ("IJ") decision denying their

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence, apply the standards governing adverse credibility determinations created by the REAL ID Act, *see Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010), and deny the petition.

1. Substantial evidence supports the agency's adverse credibility determination. Petitioners made several non-trivial omissions and inconsistent statements about the incidents involving Petitioners and their extended family. These inconsistencies were not trivial inconsistencies about dates, but an attempt to enhance their claims. *See Shrestha*, 590 F.3d at 1043–44; *Singh v. Gonzales*, 403 F.3d 1081, 1092 (9th Cir. 2005). The adverse credibility finding is supported by substantial evidence.

2. The BIA did not err in rejecting Petitioners' due process claim. The IJ exercised her authority to "interrogate, examine, and cross-examine" Petitioners. 8 U.S.C. § 1229a(b)(1); *see Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016) ("Importantly, a mere showing that the IJ was unfriendly, confrontational, or acted in an adversarial manner is not enough to" show that a proceeding was fundamentally unfair.). Petitioners have not pointed to portions of the record to support their assertion that the proceedings before the IJ were fundamentally unfair

and have not shown prejudice from the alleged due process violation.  *See id*.

3.  Given the agency's adverse credibility determination, Petitioners' asylum and withholding of removal claims fail, as "the remaining evidence in the record is insufficient to carry [their] burden of establishing eligibility for relief." *Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).  Their CAT claim, which rests on the same evidence as their asylum and withholding of removal claims, likewise fails, as Petitioners have not identified any other evidence that compels the conclusion that it is more likely than not that they would be tortured by or with the acquiescence of government officials if they returned to Honduras.  *See Jiang v. Holder*, 754 F.3d 733, 740–41 (9th Cir. 2014).

**PETITION DENIED.**