NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

NOV 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL JEREMIAS NAJARRO-NAJARRO; HAIDE QUISPE-CRUZ; DANIEL NAJARRO-QUISPE, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 24-97 <br><br> Agency Nos. <br> A220-856-132 <br> A220-856-133 <br> A220-856-134 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2024[**]
Seattle, Washington

Before: McKEOWN, GOULD, and LEE, Circuit Judges.

Petitioners are Peruvian nationals, Daniel Najarro-Quispe (Daniel) and his

parents, Daniel Jeremias Najarro-Najarro (Najarro-Najarro) and Haide Quispe-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cruz (Quispe-Cruz). They seek review of the Board of Immigration Appeals' (BIA) order dismissing their appeal of the immigration judge's (IJ) denial of their applications for asylum and withholding of removal.

1.   In June 2021, when Daniel was 16, he was approached by several men who asked Daniel to deliver packages for them. Although initially resistant, Daniel eventually agreed to deliver the packages in exchange for payment. Daniel delivered up to fifteen packages before growing suspicious and opening one of the packages to discover that it contained cocaine and marijuana. Daniel delivered that package but refused any future deliveries. The men attacked Daniel for his refusal, and Daniel was severely injured as a result of fleeing the attack. Daniel and his parents fled Peru not long after, seeking asylum in the United States. An immigration judge denied the family's asylum and withholding claims, and the BIA affirmed. The BIA held that Daniel is barred from asylum or withholding of removal because he committed the serious nonpolitical crime of drug trafficking before entering the United States. The BIA further held that Najarro-Najarro and Quispe-Cruz were ineligible for asylum or withholding of removal because they could not demonstrate that they are persecuted or face a future risk of persecution.

2.   We have jurisdiction under 8 U.S.C. § 1252. "The factual findings underlying the BIA's determination of eligibility for asylum are reviewed to determine whether those findings are supported by substantial evidence." *Rizo v.*

*Lynch*, 810 F.3d 688, 690 (9th Cir. 2016).

3. The BIA found that Daniel was ineligible for asylum or withholding of removal because there were serious reasons for believing he committed the serious nonpolitical crime of drug trafficking in Peru prior to his entry into the United States. 8 U.S.C. § 1158(b)(2)(A)(iii), 1231(b)(3)(B)(iii); *see Go v. Holder*, 640 F.3d 1047, 1052–53 (9th Cir. 2011) (finding drug trafficking to be a serious, nonpolitical crime). Daniel argues that the BIA's holding is erroneous for three reasons: (1) because the offense was political in nature; (2) because Daniel did not have the requisite *mens rea* to commit the offense; and (3) because Daniel committed the offense under duress. We reject all three arguments.

4. Daniel's drug trafficking was not political in nature. Under 8 U.S.C. § 1158(b)(2)(A)(iii), a petitioner is not eligible for asylum if "there are serious reasons for believing that the alien has committed a serious nonpolitical crime outside of the United States prior to the arrival of the alien in the United States[.]" A nonpolitical crime is "a crime that was not committed out of genuine political motives, was not directed toward the modification of the political organization or structure of the state, and in which there is no direct, causal link between the crime committed and its alleged political purpose and object." *Guan v. Barr*, 925 F.3d 1022, 1031 (9th Cir. 2019) (citations and internal quotation marks omitted). Daniel does not articulate a political motivation for or consequence of the alleged

3                                                          24-97

drug trafficking. As such, Daniel has not rebutted the presumption that drug trafficking is a serious, nonpolitical crime. *See Go*, 640 F.3d at 1052–53.

5. Daniel next argues that he did not possess the requisite *mens rea* to be convicted of drug trafficking because he did not know that the packages he delivered contained illicit substances. But in Daniel's sworn statement and in his first round of testimony before the IJ, Daniel stated that he opened one of the boxes he was asked to deliver and saw the box contained cocaine and marijuana. Despite knowing that the box contained illicit substances, he delivered the package. Daniel's testimony, thus, supports the BIA's holding that he knowingly delivered at least one package containing illicit substances, satisfying the *mens rea* element of drug trafficking.

6. Daniel also argues that he should not be ineligible for asylum because this court should recognize a duress defense to the "serious nonpolitical crimes" bar. But even if such a defense exists, Daniel does not demonstrate that it applies in this case. Duress requires that the offense at issue be committed because of a threat to the perpetrator. *See, e.g.*, Ninth Cir. Model Jury Instr. 6.5. Daniel does not claim that he was threatened until after he stopped delivering the packages. So he was not under duress when he committed the offense and the duress defense is unavailable to him.

7. The BIA did not err in denying relief to adult petitioners, Najarro-

4                                                    24-97

Najarro and Quispe-Cruz. To be granted asylum, a petitioner must demonstrate past persecution or that they have "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To demonstrate that they were persecuted, Najarro-Najarro and Quispe-Cruz rely primarily on their testimony about various criminal acts of which they were victims. Because "[r]andom, isolated criminal acts perpetrated by anonymous thieves do not establish persecution[,]" Najarro-Najarro and Quispe-Cruz's claim of past persecution fails. *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004). And because Najarro-Najarro and Quispe-Cruz did not show sufficient evidence that they would face future persecution in Peru, their application for asylum based on future persecution also fails.

**PETITION DENIED.**