NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LORENA GUADALUPE FLORES;
JASSON JOSEPH CORDOVA-FLORES,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-1284

Agency Nos. A215-826-509
A215-826-508

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 3, 2024**
Pasadena, California

Before: CLIFTON, COLLINS, and LEE, Circuit Judges.

Petitioners Lorena Guadalupe Flores and her minor grandson Jasson Joseph

Cordova-Flores, who are citizens of El Salvador, petition for review of a decision

of the Board of Immigration Appeals ("BIA") dismissing their appeal from a

decision of an Immigration Judge ("IJ") denying their applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

("Torture Convention").[1]  We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252.  We deny the petition.

1.  As to asylum and withholding of removal, the BIA held that Petitioners had not "meaningfully challenged" the IJ's dispositive determination that Flores's testimony was not credible.  The BIA thus deemed Petitioners' challenges to the IJ's denials of asylum and withholding to have been "waived on appeal."  Reviewing Petitioners' counseled brief in the BIA, we agree with that conclusion.  With respect to the IJ's adverse credibility finding, Petitioners offered only a conclusory, unexplained assertion that the finding improperly rested on "minor inconsistencies."  The BIA was not required to address this undeveloped argument.  *See Rizo v. Lynch*, 810 F.3d 688, 692–93 (9th Cir. 2016) (concluding that the alien had failed to "meaningfully challenge the IJ's decision" denying him asylum because his "brief before the BIA contain[ed] only two sentences" on the issue that "merely assert[ed] that the IJ [had] erred").  Because Petitioners failed to meaningfully challenge the IJ's denials of asylum and withholding in their brief in the BIA, the BIA did not err in deeming those arguments to be waived.  For the same reason, we conclude that Petitioners' arguments in this court concerning the IJ's credibility determination are unexhausted.  *Id*.; *see* 8 U.S.C. § 1252(d)(1).

---

[1] Although Cordova-Flores submitted a separate application, it rested on the same factual predicate as his grandmother's.  Cordova-Flores did not testify at the removal hearing and relied on his grandmother's testimony.

Moreover, Petitioners have not contended that, even if the adverse credibility determination was correct, their asylum and withholding claims would still have merit.

2. We reach a similar conclusion with respect to Petitioners' Torture Convention claims. Petitioners' brief in the BIA provided four paragraphs generically setting forth the legal standards for relief under the Torture Convention before making the same unexplained and undeveloped assertion that the IJ's adverse credibility finding was "based on minor inconstancies [*sic*]." The BIA correctly held that Petitioners had thereby waived any challenge to the IJ's denial of relief under the Torture Convention, and it properly affirmed that ruling on that basis. Moreover, for the same reason, Petitioners' Torture-Convention-related arguments in this court concerning country conditions evidence and the credibility of Flores's testimony are unexhausted.

**PETITION DENIED.**