NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GURPREET SINGH, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-2309 <br><br> Agency No. <br> A209-387-465 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2025**
San Francisco, California

Before: WARDLAW, BEA, and LEE, Circuit Judges.

Gurpreet Singh, a native and citizen of India, petitions for review of a

decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from

an order of an Immigration Judge ("IJ") denying his applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition.

1.    The BIA erred when it determined that Singh waived review of the IJ's decision. The IJ found that Singh was not credible and that the evidence he submitted was insufficient independently to establish eligibility for asylum, withholding of removal, and protection under CAT. The BIA asserted that Singh did not "meaningfully challenge" the IJ's findings or decision and deemed the issues waived on appeal. The BIA declined to address Singh's remaining arguments.

In his opening brief to the BIA, Singh "apprise[d] the BIA of the particular basis" for Singh's "claim that the IJ erred." *Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016). Specifically, Singh argued that the IJ's credibility determination was not supported by substantial evidence because the IJ (1) ignored that one of his omissions was a typographical error; (2) improperly required Singh to provide all of the details of his beatings in his declaration; (3) relied on speculation and conjecture; and (4) ignored evidence that substantiated Singh's descriptions of his beatings. These arguments were more than "sufficient to put the BIA on notice" that Singh was challenging the IJ's adverse credibility determination. *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020). The BIA failed to address Singh's argument that the IJ's credibility determination was not supported by substantial evidence. Because the BIA's waiver conclusion was erroneous and because "[o]ur

review is limited to those grounds explicitly relied upon by the [BIA]," *see Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075 (9th Cir. 2020), we grant the petition for review.

2.     Additionally, the BIA failed to state with sufficient particularity and clarity its reasons for affirming the IJ.  "[I]n order for [us] to conduct a proper substantial evidence review of the BIA's decision, the Board's opinion must state with sufficient particularity and clarity the reasons for denial. . .." *Castillo v. INS*, 951 F.2d 1117, 1121 (9th Cir. 1991).  Here, the BIA's decision fails to "evidence an individualized review of the petitioner's contentions." *Id.*  The decision is devoid of analysis.  The BIA did not state which part, if any, of the IJ's reasoning it adopted, offer its own reasoning for requiring corroborating evidence, or discuss credibility, which was central to the IJ's decision and Singh's appeal of the IJ's decision.  "We are not permitted to credit such an inaccurate, conclusory, and boilerplate decision." *Hartooni v. INS*, 21 F.3d 336, 343 (9th Cir. 1994).  "Board opinions that lack an adequate statement of the BIA's reasons for denying the petitioner relief must be remanded to the Board for clarification of the bases for its opinion." *Castillo*, 951 F.2d at 1121.

**PETITION FOR REVIEW GRANTED AND REMANDED.**