NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERARDO MIGUEL ANDRES-ZACARIAS; WALTER JOSE ANDRES-CRUZ, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-1640 <br><br> Agency Nos. <br> A091-720-818 <br> A209-864-797 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2025[**]
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.

Gerardo Miguel Andres-Zacarias and his son, Walter Jose Andres-Cruz (collectively, "petitioners"), both natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") decision dismissing their

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

appeal of an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We review the denial of asylum, withholding of removal, and CAT relief for substantial evidence, *id.* at 1028, and we review due process claims de novo. *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022).

1. Petitioners are ineligible for asylum because they failed to establish past persecution or a well-founded fear of future persecution.[1] Petitioners testified that from 2008 to 2015 they received several threats and were confronted by gang members. But there is no evidence that the gang members had "the will" to carry out these threats, *see Aden v. Wilkinson*, 989 F.3d 1073, 1083 (9th Cir. 2021), as petitioners did not experience any physical harm in Guatemala despite refusing to comply with the gang's demands, *see Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th

---

[1] We have reviewed de novo and for substantial evidence "whether particular acts constitute persecution for purposes of asylum." *Singh v. Garland*, 97 F.4th 597, 603 (9th Cir. 2024); *Lapadat v. Bondi*, 128 F.4th 1047, 1055 (9th Cir. 2025) (noting that "our standard of review for past-persecution determinations appears to be in flux"). We need not resolve this tension because petitioners' asylum claim fails under either standard.

Cir. 2003). Nor does the single physical attack on Andres-Zacarias's elder son rise to the type of serious mistreatment that constitutes persecution, even when considered cumulatively with the gang's threats. *Cf. Baballah v. Ashcroft*, 367 F.3d 1067, 1075 (9th Cir. 2004). Accordingly, even on de novo review, petitioners have failed to establish past persecution.

Petitioners also failed to show a well-founded fear of future persecution. To "establish a well-founded fear of future persecution" petitioners must show "a subjective fear of future persecution," and "an objectively reasonable possibility" that they will be persecuted upon their return. *Duran-Rodriguez*, 918 F.3d at 1029 (quotation omitted). Petitioners' country conditions evidence speaks to gang violence generally but does not indicate a reasonable possibility that Andres-Zacarias will be harmed because of his religious work or Kanjobal race if he is returned to Guatemala. Andres-Zacarias worked with the church for ten years without incident, which further undermines his fears that he will be harmed upon return.

Moreover, a petitioner's "claim of persecution upon return is weakened . . . when similarly-situated family members continue to live in the country without incident." *Kumar v. Gonzales*, 444 F.3d 1043, 1055 (9th Cir. 2006) (quoting *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001)). Andres-Zacarias's wife and several of

his children, including three sons,[2] continue to live in Guatemala and are unharmed. Because Andres-Zacarias seeks asylum based on his Kanjobal race and Walter claims asylum based on the proposed social groups "his father's son" and "young Kanjobal males living in [a] Kanjobal area," Andres-Zacarias's family in Guatemala are "similarly situated" to petitioners. Thus, petitioners' claims of persecution are weakened by their "similarly-situated" family members who remain in Guatemala without incident.

Finally, the BIA did not err in concluding that Walter could relocate within Guatemala. *See Hussain v. Rosen*, 985 F.3d 634, 648–49 (9th Cir. 2021) (holding that generalized violence throughout the country and the hardship of relocating to "an unfamiliar town . . . without [petitioner's] family" did not compel the conclusion that relocation was unreasonable). Failure to show an inability to relocate disposes of Walter's individual claims of a well-founded fear of future persecution. *Duran-Rodriguez*, 918 F.3d at 1029 n.2.[3]

2. Because petitioners failed to show the well-founded fear of persecution required for asylum, they necessarily fail to meet the more strict "clear probability"

---

[2] Petitioners assert in their brief that only three children remain in Guatemala. But the testimony before the IJ established that five children remained in Guatemala, three of whom are male.

[3] To the extent that petitioners argue that Walter is entitled to asylum because of his political opinion, this claim is unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

standard for withholding of removal. *Zehatye v. Gonzalez*, 453 F.3d 1182, 1190 (9th Cir. 2006).

3. Substantial evidence supports the denial of CAT relief. To qualify for CAT relief, petitioners must show it is "more likely than not" that they will be tortured upon removal. 8 C.F.R § 1208.16(c)(2). Because the harm petitioners suffered does not rise to the level of persecution, "it necessarily falls short of the definition of torture." *Sharma*, 9 F.4th at 1067.

4. Nor did the IJ violate Andres-Zacarias's due process rights. To succeed on a due process claim, petitioners must show "that the violation caused [them] prejudice." *Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018). Petitioners argue that the IJ's refusal to allow Zacarias to testify about the size of the Kanjobal tribe violated their due process rights, but they do not explain how the exclusion of this testimony prejudiced them. Because the proscribed testimony is irrelevant to the BIA's dispositive finding that petitioners did not establish a well-founded fear of persecution, they cannot show prejudice, which is fatal to their due process claim. *See Pagayon v. Holder*, 675 F.3d 1182, 1191–92 (9th Cir. 2011) (per curiam).

Petitioners also argue that the IJ was not a neutral fact-finder. When an IJ fails to act as a neutral fact-finder, a petitioner's due process rights may be violated. *See Reyes-Melendez v. INS*, 342 F.3d 1001, 1006 (9th Cir. 2003). But "a mere showing

that the IJ was unfriendly, confrontational, or acted in an adversarial manner is not enough" to establish a due process violation. *Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016). The IJ permitted a thorough direct and cross-examination of both Andres-Zacarias and Walter; the record does not demonstrate that the IJ transformed into a "partisan adjudicator seeking to intimidate [petitioner] and his counsel." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).

The petition is **DENIED.**