NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HELIO DE OLIVEIRA DA SILVA; ELIANE APARECIDA MASSOCATTO; LAURA OLIVEIRA MASSOCATTO, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-750 <br><br> Agency Nos. <br> A216-986-423 <br> A216-986-424 <br> A216-986-425 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2025[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

Helio de Oliveira da Silva, Elaine Aparecida Massocatto, and their daughter

Laura (collectively "Petitioners"), natives and citizens of Brazil, petition for review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's findings of fact for substantial evidence, *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019), and Petitioners' due process claim de novo, *Rizo v. Lynch*, 810 F.3d 688, 690 (9th Cir. 2016). We deny the petition.

1.    Substantial evidence supports the agency's determination that Petitioners failed to demonstrate eligibility for asylum or withholding of removal. Contrary to Petitioners' contention, the BIA did not engage in impermissible factfinding. Instead, the BIA agreed with the IJ's conclusion that the record was devoid of any evidence of physical harm, confrontation, or other indicia that the anonymous threats were "so menacing as to cause significant actual suffering or harm." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citing *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (internal quotation marks and citation omitted)). The record does not compel the conclusion that the threats rose to the level of persecution. *See id.* ("We have been most likely to find persecution where threats are repeated, specific and combined with confrontation or other mistreatment. On the other hand, cases with threats alone, particularly anonymous or vague ones, rarely constitute persecution." (internal quotation marks and citations omitted)).

Although Petitioners argue briefly that the BIA erred in its review of the IJ's internal relocation analysis, they fail to support their contention with citations to the governing law or the record. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

2. The BIA did not engage in impermissible factfinding when addressing Petitioners' argument that the IJ erred by failing to separately consider Laura's application for asylum. Rather, the BIA permissibly acknowledged that the record did not contain any evidence specific to Laura's experience in Brazil. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1027 (9th Cir. 2023) ("[O]bserving the absence of evidence is not a factual finding.").

3. Substantial evidence also supports the agency's denial of CAT relief because Petitioners failed to show that it was more likely than not they would be tortured by or with the consent or acquiescence of a government official. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

4. Finally, the BIA did not err by rejecting Petitioners' due process claim as unsupported. Petitioners failed to carry their burden of establishing that the IJ's decision not to allow them to submit additional documents after the deadline resulted in prejudice. *See Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011). As the BIA explained, Petitioners failed to describe the contents of the excluded documents or demonstrate that they contained information of a character different than the

24-750

testimony and documentary evidence considered by the agency. *See id.* (no due process violation where IJ denied belated request to have witnesses testify telephonically where "there were other witnesses present and prepared to testify in person as to the same character evidence"). Petitioners similarly failed to show that their hearing transcript contained prejudicial errors. Although the transcript contains a few notations that statements were "indiscernible" or "untranslated," those statements were clarified with follow up questions. And Petitioners have not shown or argued that any alleged transcription errors involved information material to their claims. *See Rizo*, 810 F.3d at 693 ("We will reverse the BIA's decision on due process grounds only if the underlying IJ proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." (internal quotation mark and citation omitted)).

**PETITION FOR REVIEW DENIED.**[1]

---

[1] The motion to stay removal, as supplemented, is denied as moot. The temporary stay will dissolve when the mandate issues.