NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAKIN RAM,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 18-72432

Agency No. A205-539-612

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2021[**]
San Francisco, California

Before: McKEOWN, IKUTA, and BRESS, Circuit Judges.

Sakin Ram seeks review of the Board of Immigration Appeals' ("BIA")

dismissal of his appeal of an immigration judge's ("IJ") denial of his applications

for asylum, withholding of removal, and relief under the Convention Against

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing due

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

process challenges de novo and the agency's factual findings for substantial evidence, *Rizo v. Lynch*, 810 F.3d 688, 690 (9th Cir. 2016), we deny the petition.

We need not decide whether the translation was deficient because Ram has not established prejudice to prevail on his due process challenge. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009) (recognizing that a noncitizen raising a due process claim for erroneous translation "must show that defects in translation prejudiced the outcome of the hearing"). When the interpreter had difficulty understanding words from a Hindi dialect, Haryanvi, the interpreter and the IJ sought clarification or repetition to ensure that the translation was correct. *See Perez-Lastor v. I.N.S.*, 208 F.3d 773, 782 (9th Cir. 2000) ("[A]n IJ may ameliorate the damage caused by an incompetent translation by asking for '[c]larification or repetition.'" (second alteration in original) (quoting *Kotasz v. I.N.S.*, 31 F.3d 847, 850 n.2 (9th Cir. 1994))). Also, there is no basis to conclude that the use of a Hindi interpreter affected the adverse credibility finding, as Ram's evasiveness and non-responsiveness continued during the portion of the merits hearing that used a Haryanvi interpreter.

To show that the IJ failed to act as a neutral arbiter and violated Ram's due process rights, Ram must show that the proceeding was "so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Rizo*, 810 F.3d at 693 (quoting *Platero-Cortez v. I.N.S.*, 804 F.2d 1127, 1132 (9th Cir. 1986)). To

the extent that the IJ expressed impatience or annoyance with Ram, the IJ did not violate Ram's due process rights. *Id.* ("[A] mere showing that the IJ was unfriendly, confrontational, or acted in an adversarial manner is not enough to meet [the noncitizen's] burden."). Ram was permitted to testify and offer evidence, and his own counsel sought the IJ's help when Ram's evasiveness persisted.

Substantial evidence supports the agency's adverse credibility determination. Ram was evasive throughout his testimony. The IJ permissibly concluded that Ram's inconsistent testimony further undermined his credibility. Among other inconsistencies, Ram was inconsistent in his testimony about how he obtained a passport.

Substantial evidence supports the BIA's conclusion that, in the absence of credible testimony, Ram did not establish eligibility for asylum, withholding of removal, or CAT relief. Ram's argument that "the IJ failed to read the United States Department of State reports on human right practices for India, and failed to conduct an analysis under the unwilling and unable standard" lacks merit. The IJ noted that "[a]ll admitted evidence has been considered regardless of whether [it is] specifically mentioned in the text of this decision." And the country condition evidence in the record does not compel a conclusion that it is more likely than not Ram will be subject to torture in India. *See* 8 C.F.R. §§ 1208.16(c), 1208.18(a)(1).

**PETITION DENIED.**