**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SORYBA CISSE, | No. 20-71333 |
| Petitioner, | Agency No. A215-828-204 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2021[**]
San Francisco, California

Before: McKEOWN, RAWLINSON, and BADE, Circuit Judges.

Soryba Cisse petitions for review of the Board of Immigration Appeals'

("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his

applications for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT"). We review the agency's "legal conclusions

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.

1.      Substantial evidence supports the agency's adverse credibility determination. The IJ found material, non-trivial omissions and inconsistencies between Cisse's credible fear interview with an asylum officer and his hearing testimony, and between his documentary evidence and his hearing testimony. *See Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011).

Although Cisse alleged persecution on account of his religion, he did not mention religion in the prehearing interview or in the detailed written statement supporting his asylum application. Cisse did not simply fail to disclose details of the alleged persecution, he affirmatively denied threats or harm on account of his religion. *See Li v. Ashcroft*, 378 F.3d 959, 962-63 (9th Cir. 2004), *superseded by statute on other grounds*. *See* 8 U.S.C. § 1158(b)(1)(b)(iii).

The agency did not improperly rely on inconsistencies and omissions between Cisse's prehearing interview and his hearing testimony. Unlike *Joseph v. Holder*, 600 F.3d 1235, 1243-44 (9th Cir. 2010), "procedural safeguards" were in place to "ensure reliability," including the administration of an oath at the outset of the interview, the presence of a translator, and the existence of a written record of the questions and answers. At the conclusion of the interview, Cisse agreed with

2

the asylum officer's summary of his testimony and confirmed that he understood the questions and the interpreter. *See Li*, 378 F.3d at 962-63 (upholding adverse credibility determination based on discrepancies between petitioner's statements in airport interview and subsequent testimony); *see also Matter of J-C-H-F-*, 27 I. & N. Dec. 211, 213 (B.I.A. 2018). The IJ found Cisse's sworn statement to the asylum officer reliable and he did not contest that issue on appeal to the BIA.

The agency also did not err in concluding that documentary evidence did not rehabilitate Cisse's testimony or independently meet his burden of proof. In the absence of credible testimony or other evidence to meet his burden, Cisse's asylum and withholding of removal claims fail. *Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

2.     Cisse does not meaningfully challenge the BIA's affirmance of the denial of CAT protection. *See* Fed. R. App. P. 28(a)(8). Additionally, substantial evidence supports the agency's denial of CAT relief because Cisse failed to show that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Guinea. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (holding generalized evidence of violence and crime in petitioner's home country was insufficient to meet the standard for CAT relief).

3.     Cisse's claim that the IJ violated his due process rights also fails. To

demonstrate that an IJ committed a due process violation, a petitioner must show that "the underlying IJ proceeding was 'so fundamentally unfair that the alien was prevented from reasonably presenting his case.'" *Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016) (citation omitted). Cisse argues that the IJ expressed frustration during the proceedings. But "a mere showing that the IJ was unfriendly, confrontational, or acted in an adversarial manner is not enough to" show that a proceeding was fundamentally unfair. *Id.* (citations omitted).

5.  We deny as moot the motion for stay of removal.

**PETITION DENIED.**