NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELVIN GARCIA-MEDINA, | No. 17-71923 |
| Petitioner, | Agency No. A205-869-879 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2022[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

Petitioner Nelvin Garcia-Medina, a native and citizen of Honduras, petitions

for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal

from the Immigration Judge's (IJ) decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

(CAT).

We have jurisdiction pursuant to 8 U.S.C. § 1252 over a portion of Petitioner's claims. Accordingly, we dismiss in part and deny in part the petition for review.

1. We lack jurisdiction over Petitioner's claim for CAT protection. "A conclusory statement does not apprise the BIA of the particular basis for the petitioner's claim nor meaningfully challenge the IJ's decision on appeal." *Amaya v. Garland*, 15 F.4th 976, 986 (9th Cir. 2021) (cleaned up). Petitioner's brief to the BIA, filed by counsel, is devoid of any argument in support of the conclusory statement that the IJ "erred in denying Mr. Garcia-Medina's applications by making erroneous findings of fact concerning . . . whether it is likely the respondent will suffer torture in Honduras." This general challenge "does not apprise the BIA of the particular basis for [Petitioner's] claim that the IJ erred; it merely asserts that the IJ erred." *Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016). Petitioner's CAT claim is therefore unexhausted, and we are barred from considering its merits. 8 U.S.C. § 1252(d)(1); *see Amaya*, 15 F.4th at 986 (holding petitioner's due process claim was unexhausted because "[n]either his notice of appeal nor his attachment thereto made a clear, non-conclusory argument in support of his claim"); *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

2. Petitioner's claims for asylum and withholding of removal fail on the

2

merits.[1] Substantial evidence supports the BIA's determination that Petitioner failed to establish eligibility for asylum because he showed no nexus between any past or feared future harm and a protected ground. *See Sharma v. Garland*, 9 F.4th 1052, 1059–60 (9th Cir. 2021). Applying the deferential substantial evidence standard of review, the record does not *compel* the conclusion that the IJ's findings were erroneous with respect to Petitioner's proffered particular social groups.[2] *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). Petitioner's claim, at its core, is based on fear of crime and general lawlessness in Honduras, which is insufficient to establish eligibility for asylum. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also Macedo Templos v. Wilkinson*, 987 F.3d 877, 883 (9th Cir. 2021). Therefore, Petitioner is not a "refugee," as that term is defined in the Refugee Act of 1980. 8 U.S.C. § 1101(a)(42)(A).

Further, because we conclude that Petitioner did not meet the lower burden of proof for his asylum claim, he "necessarily fails to carry the greater burden of

---

[1] Because it is unnecessary to this disposition, we assume without deciding that Petitioner established the changed circumstances exception to excuse his untimely asylum application filing. Thus, we address and deny this claim on the merits based on the administrative record before us.

[2] We deem Petitioner's political opinion argument unexhausted because he did not meaningfully present it to the BIA. *See Barron*, 358 F.3d at 677.

establishing eligibility for withholding of removal." *Yali Wang*, 861 F.3d at 1009.

**DISMISSED in part and DENIED in part**.