**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Julio Cesar Martinez Gutierrez, <br><br> Petitioner, <br><br> v. <br><br> Merrick B. Garland, U.S. Attorney General, <br><br> Respondent. | No. 21-1014 <br><br> Agency No.    A077-233-384 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2023[**]
Pasadena, California

Before: CALLAHAN, FORREST, and H. A. THOMAS, Circuit Judges.

Petitioner Julio Cesar Martinez Gutierrez seeks review of the Board of Immigration Appeals' (BIA) denial of his applications for asylum, withholding of removal, cancellation of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1.    ***Asylum and Withholding of Removal.*** To establish eligibility for both asylum and withholding of removal, a petitioner must establish a "nexus" between his feared persecution and a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017). In other words, failure to establish a nexus is fatal to a claim for both asylum and withholding. *See id.* at 360; *see also Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010).

Substantial evidence supports the BIA's conclusion that Martinez Gutierrez failed to demonstrate any nexus between his feared persecution and a protected ground. Martinez Gutierrez's stated fear centered on the murder of his father that occurred nearly half a century ago, before Martinez Gutierrez was born. Martinez Gutierrez fails to connect his father's killing to a protected ground or show why his familial connection to his father would lead to his own persecution if returned to Mexico. Rather, the record supports that Martinez Gutierrez fears general crime or violence, which necessarily fails to satisfy the nexus requirement. *See Zetino*, 622 F.3d at 1016; *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1037 (9th Cir. 2021).[1]

2.    ***Cancellation of Removal.*** "The Attorney General may cancel removal of" an alien who satisfies the statutory eligibility requirements. 8 U.S.C. § 1229b(b)(1). Our review of the agency's denial of cancellation is limited to

---

[1] In his brief, Martinez Gutierrez proffers an additional social group: "deportee[s] who ha[ve] resided in the United States." This proposed social group was not exhausted before the agency and, accordingly, we cannot consider it. *See Mendoza Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016).

legal or constitutional issues. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). We do not have jurisdiction to review the agency's ultimate exercise of discretion. *Vilchez v. Holder*, 682 F.3d 1195, 1201 (9th Cir. 2012).

There is no colorable legal or constitutional claim here where the BIA applied the correct legal standard and where Martinez Gutierrez has not overcome the presumption that the agency considered all the relevant evidence and factors. *See Mendez-Castro*, 552 F.3d at 978; *Szonyi v. Whitaker*, 915 F.3d 1228, 1238–39 (9th Cir. 2019). The record shows that the agency fully considered Martinez Gutierrez's evidence and arguments related to the hardship he claimed his family would face if he were removed from the United States before concluding that he had not shown the level of "exceptional and extremely unusual hardship" that is required by the statute. Moreover, even if Martinez Gutierrez had established the requisite hardship, the agency ultimately denied him cancellation as a matter of discretion, citing his lengthy criminal history.

3.      ***CAT.*** "CAT protection cannot be granted unless an applicant shows a likelihood of torture that is inflicted by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity or other person acting in an official capacity." *B.R. v. Garland*, 26 F.4th 827, 844 (9th Cir. 2022) (internal quotation marks and citation omitted). The record does not compel the conclusion that Martinez Gutierrez would face torture at the hands of or with the consent or acquiescence of the Mexican government. Since his father's murder nearly 50 years ago, there is no evidence that Martinez Gutierrez or anyone else

3

in his family have been harmed in Mexico, let alone by, or with the consent of, government actors. *See Gomez Fernandez v. Barr*, 969 F.3d 1077, 1091 (9th Cir. 2020).

**PETITION DENIED.**