NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSA MAGLENY ORTIZ HERNANDEZ DE CORONADO; ELENA SOFIA CORONADO ORTIZ; JOSE ANTONIO CORONADO VARGAS; HUGO JOSE CORONADO ORTIZ,<br><br>            Petitioners,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>            Respondent. | No. 22-1242<br><br>Agency Nos.<br>A215-846-152<br>A215-846-155<br>A215-846-153<br>A215-846-154<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2024[**]
San Francisco, California

Before: SILER[***], CLIFTON, and M. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eugene E. Siler, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

Rosa Magleny Ortiz Hernandez de Coronado ("Coronado"), collectively with her husband and two of her children, all natives and citizens of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of the Immigration Judge's ("IJ") decision denying her application for asylum. Coronado asks this court to find that the IJ and BIA erred when they determined that "pharmacy business owners" in Guatemala does not constitute a particular social group, and that the harassment Coronado faced following her complaint against a private school headmistress does not amount to persecution. The parties are familiar with the facts, so we discuss them here only where necessary. We deny the petition.

We have jurisdiction under 8 U.S.C. § 1252(a). "When the BIA adopts an IJ's decision, but also adds its own reasoning, as occurred here, we review both decisions." *Kaur v. Ashcroft*, 388 F.3d 734, 736 (9th Cir. 2004). We review factual findings for substantial evidence. *Grigoryan v. Barr*, 959 F.3d 1233, 1239 (9th Cir. 2020). "Whether a group constitutes a 'particular social group' is a question of law," which we review de novo. *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014) (citation omitted).

1. Coronado's first claim fails because "pharmacy business owners" is not a cognizable particular social group. *See Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014) (holding that an applicant for asylum seeking relief based on membership in a particular social group must establish that the group is composed

of members who share a common immutable characteristic, among other factors). Pharmacy owners do not share an immutable characteristic. *See Donchev v. Mukasey*, 553 F.3d 1206, 1217 (9th Cir. 2009) (defining an "immutable characteristic" as an attribute a person "cannot change, or should not be required to change because it is fundamental to their individual identities or consciences" (quoting *Matter of Acosta*, 19 I & N. Dec. 211, 233 (BIA 1985))). Owning a pharmacy is not itself an immutable characteristic. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1171 (9th Cir. 2005) (finding that Colombian "business owners" do not share an "innate characteristic"). And the record does not compel the conclusion that Coronado's pharmacy ownership is beyond her power to change or fundamental to her identity—especially considering she opened the pharmacy in 2005, moved away in 2009, only visited the pharmacy every two months, and then closed the business in 2014.[1]

---

[1] Coronado now suggests that she was not simply a pharmacy owner, but also a pharmacist who was targeted by criminals who sought her "knowledge, expertise, and access" to make and sell narcotics. However, the record does not reflect any evidence that Coronado is or was a pharmacist with expert pharmaceutical knowledge. And during Coronado's hearing, her attorney argued that "she's being targeted because of her direct opposition to efforts by the cartel to steal money and drugs from her business"—not because of her pharmaceutical expertise. At no point did Coronado or her attorney mention the business licenses, "certain educational requirements," or government issued permissions that she now claims set her apart from the population.

2. Coronado's second claim fails because the headmistress's threats against Coronado did not rise to the level of past persecution. The headmistress did not explicitly threaten Coronado. Rather, she urged Coronado to drop her complaint during the Office of Human Rights-sanctioned conference on the matter. Although Coronado interpreted this as a threat, it was neither explicit nor specific, and was unaccompanied by violence or harm. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) ("Mere threats, without more, do not necessarily compel a finding of past persecution."). The three anonymous calls threatening to "silence" Coronado were likewise inexplicit, unspecific, and unaccompanied by violence. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (considering whether threats were "repeated, specific and combined with confrontation or [some] other mistreatment" (internal quotation marks omitted)). Despite Coronado's interpretations, the record shows that she never faced "an immediate threat of severe physical violence or death." *See Flores Molina v. Garland*, 37 F.4th 626, 633-34 (9th Cir. 2022). And unlike the death threats received by the petitioner in *Canales-Vargas v. Gonzales*, the quantity and severity of the threats made against Coronado did not intensify with time and were not—as far as Coronado knows—made by a criminal or terrorist organization. 441 F.3d 739, 745-46 (9th Cir. 2006). Accordingly, the agency properly found that these threats did not rise to the level of past persecution.

22-1242

3. Coronado also failed to show an objectively reasonable fear of future persecution. Because Coronado's daughter is now an adult college student studying in the United States and Coronado abandoned her complaint against the headmistress by leaving Guatemala before her scheduled hearing, there is insufficient evidence to show that Coronado would be harmed based on her now-moot complaint. As the IJ and BIA pointed out, the record is bereft of evidence that the headmistress or anonymous caller remain interested in harming Coronado. Accordingly, Coronado is not eligible for asylum under her second claim.

4. Coronado failed to meaningfully challenge the IJ's disposition of her withholding of removal and Convention Against Torture (CAT) claims before the BIA. Her brief before the BIA contains only one sentence regarding the IJ's denial of those claims, which reads:

> [T]he undersigned respectfully requests that the Board reverse the IJ's decision denying the respondent's claim to asylum withholding [sic] and protection under CAT[.]

This statement does not tell the BIA *why* Coronado believes the IJ should be reversed, but instead merely requests reversal. Such conclusory statements do not meaningfully challenge the IJ's decision on appeal. *Rizo v. Lynch*, 810 F.3d 688, 692-93 (9th Cir. 2016). A failure to challenge a claim constitutes a waiver of that claim. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009). The BIA

correctly determined that Coronado waived her withholding and CAT claims. Therefore, we lack jurisdiction over those claims.

**PETITION DENIED.**