**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

APR 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

RONALDO SAMAYOA-RODRIGUEZ,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 23-97

Agency No.
A208-199-745

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 2, 2024[**]
Pasadena, California

Before: R. NELSON, VANDYKE, and SANCHEZ, Circuit Judges.

    Petitioner Ronaldo Samayoa-Rodriguez (Samayoa-Rodriguez), a native and

citizen of Guatemala, petitions for review of the Board of Immigration Appeals'

(BIA) dismissal of his appeal from the Immigration Judge's (IJ) decision denying

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]  The BIA denied Samayoa-Rodriguez's appeal because it found he was not credible, the particular social group he claimed membership in was impermissibly defined, and his due process claim was unsupported by the record.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Samayoa-Rodriguez contends that the agency's adverse credibility finding is based on false assertions and contortions of his attempts to clarify the record. This is unsupported by the record.  Samayoa-Rodriguez failed to present evidence to compel "any reasonable adjudicator . . . to conclude to the contrary." *Garland v. Ming Dai*, 593 U.S. 357, 365 (2021) (cleaned up) (citation omitted).  The inconsistencies and omissions noted by the agency support the finding of adverse credibility.  "[I]nconsistencies between testimonial and documentary evidence" are "a proper basis for an adverse credibility finding." *Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007) (citation omitted).  There are inconsistencies between Samayoa-Rodriguez's application, declaration, and testimony on various facts, including his occupation, his family's business ties, how he knew the men who

---

[1] Petitioner does not make any argument as to why his CAT claim should be granted by this panel.  Because of this omission, his arguments related to this claim are waived. *See Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008) ("Arguments not raised by a party in its opening brief are deemed waived.").

allegedly extorted him, his interactions with Guatemalan authorities, and his educational experience. Samayoa-Rodriguez also omitted two important details from his application and declaration.[2] Accordingly, substantial evidence supports the agency's adverse credibility determination.

2. To establish asylum, Samayoa-Rodriguez must show that he "is unable or unwilling to return to his home country because of a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Udo v. Garland*, 32 F.4th 1198, 1206 (9th Cir. 2022) (citation and internal quotation marks omitted); *see also* 8 C.F.R. § 208.31(c). Samayoa-Rodriguez seeks asylum based on his membership in a particular social group (PSG) of "Guatemalan children of family business owners who have been deprived of the right to work by the criminal demands of gangs." The BIA properly concluded that Samayoa-Rodriguez's proposed PSG is impermissibly circular. *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1181 (9th Cir. 2021) ("[T]he social group must exist independently of the fact of persecution") (citation and internal quotation marks omitted). Samayoa-Rodriguez failed to challenge this conclusion in his opening brief. Accordingly, Samayoa-Rodriguez abandoned any defense relating to the circular nature of his proposed

---

[2] Samayoa-Rodriguez omitted from his application and declaration a phone call he purportedly had with the alleged extortionists. He also failed to note that the extortionists knew he had filed a police report.

social group that could have been raised in his opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.") (citation omitted). The agency also determined that Samayoa-Rodriguez's proposed social group was impermissibly circular because past persecution is a prerequisite to membership in his proposed group.

Furthermore, Samayoa-Rodriguez failed to show he was persecuted on account of membership in his proposed PSG. The membership in a PSG must be "at least one central reason for his persecution." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1073 (9th Cir. 2017). Substantial evidence supports the agency's finding that gang members extorted Samayoa-Rodriguez to enrich themselves, not to harass him because of his membership in any PSG. Relief is precluded in such cases. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019–20 (9th Cir. 2023).

3. Substantial evidence, thus, supports the decision to deny claims for asylum and withholding of removal. As to asylum, because "substantial evidence supports the Agency's adverse credibility determination, [Petitioner] has failed to establish past persecution" or a "well-founded fear of future persecution." *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021). And because asylum is a lower standard than the withholding of removal standard, failure to establish eligibility for asylum

is necessarily failure to satisfy the withholding standard. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

4. Due process challenges in immigration proceedings require petitioners to "show error and substantial prejudice." *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). Samayoa-Rodriguez asserts that error and prejudice were manifested by the IJ's characterization of inconsistencies in the application materials and by the IJ acting as a "supernumerary government attorney" in questioning Samayoa-Rodriguez. But an IJ has the authority to "interrogate, examine, and cross-examine" a petitioner. *Halaim v. INS*, 358 F.3d 1128, 1137 (9th Cir. 2004) (internal quotation marks omitted). And they can do so aggressively. *See Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016). The record does not show error or substantial prejudice. Instead, it shows that the IJ read and considered all the documentary and testimonial evidence presented by Samayoa-Rodriguez. Therefore, Samayoa-Rodriguez's due process claim fails.

The petition for review is **DENIED**.