NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MIRLYN ANAYANSI MUNOZ-DONIS, | No. 23-1533 |
| Petitioner, | Agency No. A209-847-026 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2024**
Pasadena, California

Before: NGUYEN and HURWITZ, Circuit Judges, and EZRA,*** District Judge.

Mirlyn Anayansi Munoz-Donis, a native and citizen of Guatemala, petitions

for review of a decision of the Board of Immigration Appeals ("BIA") that

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

dismissed an appeal of an order from an immigration judge ("IJ") denying her applications for asylum and withholding of removal. As the parties are familiar with the facts, we do not recount them here.

We have jurisdiction under 8 U.S.C. § 1252. The agency's decision that Munoz-Donis did not establish eligibility for asylum is reviewed for substantial evidence, *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006), and must be upheld unless the record compels a conclusion otherwise, *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994), and "provides its own review of the evidence and law," we review both decisions. *Rudnitskyy v. Garland*, 82 F.4th 742, 746 (9th Cir. 2023). We deny the petition for review.

1. To be granted asylum or withholding of removal, Munoz-Donis was required to prove that "[she] has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Duran-Rodriguez*, 918 F.3d at 1028. The central issue in this case is whether Munoz-Donis established a nexus between fear of future persecution and membership in a particular social group ("PSG"). She has asserted two PSGs: "imputed land or business owner" and "her immediate family." To establish nexus, a petitioner must show that those whom she fears will harm her know and care about her protected characteristic. *See INS v. Elias-*

2

*Zacarias*, 502 U.S. 478, 482-83 (1992). Because the question of a would-be persecutor's motive is a matter of fact, the Court reviews for substantial evidence the agency's decision about nexus. *See, e.g.*, *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023).

a. Substantial evidence supports the IJ's determination that Munoz-Donis failed to establish the requisite nexus between well-founded fear of future persecution and membership in the PSG of "imputed land or business owner." Munoz-Donis argues that she fears falling victim to physical violence at the hand of Mara 18 gang members in Guatemala because the gang knows her family as landowners, regardless of whether they currently operate the family business. She relies on the fact that the Mara 18 gang members knew she was related to her brother, who previously operated the family's grocery store, and who experienced threats, extortion, and violence at the hands of gang members. However, Munoz-Donis was never personally threatened by the gang. Indeed, she lived in Guatemala for two years after her brother refused to pay the gang members extorting him and reported facing no repercussions because of that refusal.

b. Substantial evidence also supports the agency's conclusion that Munoz-Donis was threatened in Guatemala by Glendy Maribel Navas because of a personal vendetta, rather than animus toward Munoz-Donis as a member of her "immediate family." Maribel Navas is the girlfriend of Munoz-Donis's former

3

romantic partner, who is also the father of Munoz-Donis's son. Munoz-Donis argues that her status as the biological mother of her former partner's child was a central reason she was threatened by Maribel Navas. However, Munoz-Donis testified that Maribel Navas did not like the fact that the father of Munoz-Donis's son was giving his son's mother financial support, and the record does not compel the conclusion that Maribel Navas's threats reflected any animus towards Munoz-Donis's family, rather than toward Munoz-Donis herself.

2. A failure to show any nexus to a protected ground is dispositive to both Munoz-Donis's asylum claim and her withholding of removal claim. *See* 8 U.S.C. § 1158(b)(1)(B)(i) ("one central reason" standard for asylum); 8 U.S.C. § 1231(b)(3)(C) ("a reason" standard for withholding); *Singh v. Barr,* 935 F.3d 822, 827 (9th Cir. 2019) (per curiam) (recognizing that an IJ's finding of no nexus to a protected ground forecloses the nexus showing under either standard).

3. The BIA did not err in determining that because Munoz-Donis failed to sufficiently raise the issue of past persecution in either her notice of appeal or her brief to the BIA, she waived review of that issue. Munoz-Donis's BIA brief focused entirely on the issues of nexus to a PSG and well-founded fear of future harm, and her notice of appeal failed to indicate that she intended to challenge the IJ's findings about past persecution. *See generally Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016) (holding that a petitioner does not meaningfully challenge the

4

IJ's finding if she does not "apprise the BIA of the particular basis for [her] claim that the IJ erred").

4.  We need not determine whether Munoz-Donis waived the issue of internal relocation, given her failure to establish a nexus to a protected ground.  For the same reason, we need not decide whether the IJ erred in concluding she failed to establish an objectively reasonable fear of future persecution.

**PETITION DENIED.**