**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

DEC 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CARLOS MARTINEZ AYALA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-1073 <br><br> Agency No. A205-489-113 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2024[**]
Portland, Oregon

Before: CALLAHAN, NGUYEN, and SUNG, Circuit Judges.

Juan Carlos Martinez Ayala (Petitioner), a native and citizen of Mexico,

petitions for review of a Board of Immigration Appeals' (BIA) order dismissing

his appeal of an Immigration Judge's (IJ) decision denying his applications for

asylum, withholding of removal and protection under the Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture (CAT). He claims that the BIA's decision was erroneous because he satisfied his burden to establish persecution required for asylum and withholding of removal. He also asserts he satisfied the requirements for CAT relief. Additionally, he claims the BIA erred when it did not address his (1) proposed particular social group (PSG), (2) arguments concerning the IJ's credibility determinations, and (3) assertion the IJ failed to adequately develop the record. Finally, for the first time before us he argues his initial notice to appear (NTA) was defective and therefore should terminate all removal proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.[1]

An applicant bears the burden of establishing eligibility for asylum, withholding of removal, and CAT relief. 8 U.S.C. § 1158(b)(1)(B); 8 U.S.C. § 1229a(c)(4); 8 C.F.R. § 1208.16(c)(2). Our review is expressly limited to the grounds the BIA relied upon when rendering its decision. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). Factual determinations are reviewed for substantial evidence while purely legal questions and due process challenges are reviewed *de novo*. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022); *Rizo v. Lynch*, 810 F.3d 688, 690 (9th Cir. 2016). We may not set aside

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

2

factual findings unless the Petitioner shows the evidence compels a different result. *Plancarte Sauceda*, 23 F.4th at 831.

**1.** To be granted asylum, Petitioner must establish past persecution or a well-founded fear of future persecution in Mexico, his country of origin. *See* 8 C.F.R. § 1208.13(b). The BIA found that Petitioner failed to establish past persecution because he was personally never harmed or threatened in Mexico, and failed to establish a well-founded fear of future persecution because he testified that he received no threats or harm since 2007. The BIA's decision denying asylum based on this record is supported by substantial evidence. *See id.*

Because the persecution standards of proof are higher for withholding and CAT than for asylum, the BIA's decision to deny those forms of relief is similarly sound. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (withholding has a "more demanding standard of proof" than asylum); *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018) (CAT shares withholding's "more likely than not" standard of proof, and torture is more severe than persecution).

**2.** The BIA is "not required to make findings on issues the decision of which is unnecessary to the results [it] reach[ed]." *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Since Petitioner failed to establish that he suffered persecution, the BIA did not need to address his proposed PSG or his credibility arguments because the lack of persecution independently disposed of his claims for relief. *See id.*

3

**3.** Petitioner's claim that the IJ failed to adequately develop the record requires he show this "prevented [him] from reasonably presenting his case" which resulted in "substantial prejudice." *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021). Petitioner has not made this showing because the BIA did not rely on the specific portions of testimony that he claims the IJ failed to develop. Accordingly, this argument is beyond review. *See Santiago-Rodriguez*, 657 F.3d at 829. Regardless, as noted, the record as a whole supports the denial of immigration relief.

**4.** Petitioner failed to raise his final argument that his NTA was defective before the BIA, which renders it unexhausted and accordingly unreviewable. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); 8 U.S.C. § 1252(d)(1).

Accordingly, the petition for review is **DENIED**.