UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN TOMAS-CRUZ; et al.,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-4046<br><br>Agency Nos.<br>A215-910-717<br>A215-910-365<br>A215-910-366<br>A215-910-718<br>A215-910-719<br><br>ORDER |

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

The panel unanimously votes to **grant** the government's petition for panel rehearing to the extent it requests the panel amend the memorandum disposition. **Dkt. 43**. The memorandum disposition filed on February 27, 2025, is amended by the attached amended memorandum disposition. The amendments are:

- The last sentence of the first paragraph on page 3 is deleted and replaced by <Because the BIA's waiver finding was erroneous and because we "cannot affirm the BIA on a ground upon which it did not rely," *see Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019) (cleaned up), we grant the petition for review with respect to the CAT claim and remand for further proceedings.>

- The last sentence in the disposition is deleted and replaced by <Petition GRANTED in part and DENIED in part; REMANDED.>

No further petitions for rehearing or rehearing en banc to the amended disposition will be entertained.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN TOMAS-CRUZ; PETRONA FLORIDALMA LOPEZ-DIEGO; JOSELYNE MARLENY TOMAS-LOPEZ; MARVIN ALEXANDER TOMAS-LOPEZ; JUAN DANIEL TOMAS-LOPEZ, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-4046 <br><br> Agency Nos. <br> A215-910-717 <br> A215-910-365 <br> A215-910-366 <br> A215-910-718 <br> A215-910-719 <br><br> AMENDED MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2025[**]
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Juan Tomas-Cruz, his wife, and their three minor children petition for review of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). [1] Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petitions in part and grant them in part.

1.    The IJ denied CAT relief because Tomas-Cruz failed to show government acquiescence and an inability to relocate within Guatemala. The BIA declined to reach the merits of that decision, instead finding that Tomas-Cruz had waived review of the IJ's ruling.

Tomas-Cruz's brief to the BIA, however, was "sufficient to put the BIA on notice" that he was challenging the denial of CAT protection. *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020). The brief argued that the IJ's "[f]ailure to fully and properly consider the human rights report for Guatemala tainted the Judge's holding *as to all three forms of relief.*" Specifically, the brief contended that ignoring the lower "status of the indigenous population in Guatemala" had "obscured the Judge's reasoning as to the times Respondent tried to seek protection from the police." This argument directly challenges the IJ's conclusion that the failure of the police to

---

[1]    Although his wife and children filed separate applications for relief, their claims are based solely on Tomas-Cruz's experiences.

investigate crimes reported by Tomas-Cruz was because of the limited information he provided rather than acquiescence. By challenging the rationale underlying the IJ's sole dispositive reason for denying CAT protection, Tomas-Cruz "apprise[d] the BIA of the particular basis" for his "claim that the IJ erred." *Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016). Because the BIA's waiver finding was erroneous and because we "cannot affirm the BIA on a ground upon which it did not rely," *see Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019) (cleaned up), we grant the petition for review with respect to the CAT claim and remand for further proceedings.

2.    Substantial evidence supports the agency's conclusion that Tomas-Cruz was not eligible for asylum or withholding of removal because he did not establish that his status as a Konjobal indigenous Mayan was a reason for any past or feared future mistreatment. When asked why he was extorted by gang members, Tomas-Cruz said, "Because I worked in construction and I—they know that I get paid well." And he acknowledged that other construction workers, but no one else in his family, received similar threats.

Tomas-Cruz argues that extortion and physical harm can constitute persecution. However, the IJ denied relief based on a lack of nexus, not a lack of persecution. He also argues the agency failed to consider portions of the country conditions report favorable to his positions. But none of this evidence bears on the agency's determinative finding of a lack of nexus.

3. Tomas-Cruz argues that the BIA denied him due process through its "[f]ailure" to independently "consider arguments or evidence" by adopting the IJ's decision and citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). But by citing *Matter of Burbano*, the BIA signified "that it had conducted an independent review of the record and had exercised its own discretion in determining that its conclusions were the same as those articulated by the IJ." *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005).

**Petition GRANTED in part and DENIED in part; REMANDED.**[2]

---

[2] The government's motion to appear remotely for oral argument, **Dkt. 36**, is denied as moot. The stay of removal, **Dkt. 3**, will dissolve upon the issuance of the mandate.