**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAYRA ARELY GUTIERREZ
LANDAVERDE and NAOMI
ALEJANDRA GUTIERREZ
LANDAVERDE,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

Nos. 23-2279/23-2280

Agency Nos.
A209-426-441
A209-426-442

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2025[**]
Pasadena, California

Before: CLIFTON, BYBEE, and FORREST, Circuit Judges.

Petitioners in this consolidated appeal, Mayra Arely Gutierrez Landaverde

and her daughter, Naomi Alejandra Gutierrez Landaverde, natives and citizens of El

Salvador, petition for review of the order of the Board of Immigration Appeals

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("BIA" or "Board") dismissing their appeal from the decision of the Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions.

We review the agency's factual findings for substantial evidence and legal questions de novo. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).

1.      Petitioners argue that the BIA erred by not addressing their request that the BIA assign their case to a three-member panel for adjudication. The BIA's assignment of a case to a single member does not violate due process, *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir. 2003), and is consistent with the agency's regulations, 8 C.F.R. § 1003.1(e). Accordingly, to the extent Petitioners challenge the BIA's decision to permit a single member to decide this appeal, it did not err.

Prejudice is a prerequisite to granting a petition for review based on an alleged violation of an agency's own regulations. *See Kohli v. Gonzales*, 473 F.3d 1061, 1066–67 (9th Cir. 2007) (citation omitted). Here, even assuming without deciding that the Board erred by not explaining the denial of Petitioners' request for a three-member panel, Petitioners have not shown prejudice. The Board's assignment of the case to a single member was permissible, *see* 8 C.F.R. § 1003.1(e); *Falcon Carriche*,

2

350 F.3d at 851, so the failure to offer a reason for that assignment did not prejudice Petitioners.

2. Petitioners contend that the BIA erred by holding that they failed to exhaust their appeal of the IJ's denial of their respective asylum applications. Although Petitioners' notices of appeal to the BIA referenced the denial of their asylum and withholding of removal claims, their briefing to the Board did not meaningfully challenge the denial of asylum. *See Rizo v. Lynch*, 810 F.3d 688, 692–93 (9th Cir. 2016). In fact, at the close of their administrative brief to the Board, Petitioners requested that the BIA grant them withholding of removal or, alternatively, CAT protection, but said nothing of asylum. Because Petitioners did not adequately brief their asylum claims to the Board, those claims are unexhausted and forfeited. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc).

3. Finally, Petitioners maintain that the BIA erred in affirming the IJ's determination that their withholding of removal claims failed for lack of a nexus to a particular social group. Substantial evidence supported the agency's determination that the gang members who threatened Petitioners were engaged in extortion and general criminal activity. The lead Petitioner testified that the gang members were motivated to extort her for money because the gangs thought she "was receiving money from the [United States] from [her] current partner." Therefore, the record does not compel the conclusion that the gang members targeted Petitioner based on

3

her family relationships.  *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023).

**PETITIONS DENIED.**