NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARBEL A. FOMBEOH, | No. 19-70355 |
| Petitioner, | Agency No. A216-626-240 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2026**
San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and BLUMENFELD,***
District Judge.

Marbel Fombeoh, a native and citizen of Cameroon, petitions for review of a

decision of the Board of Immigration Appeals dismissing her appeal from an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Stanley Blumenfeld, Jr., United States District Judge for the Central District of California, sitting by designation.

immigration judge's order denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).

1. The immigration court had jurisdiction over Fombeoh's removal proceedings. Fombeoh argues that the immigration court lacked jurisdiction because the notice to appear did not specify the address of the court. Our precedent forecloses that argument. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192 (9th Cir. 2022) (en banc).

2. The immigration judge did not violate Fombeoh's due process rights. To establish a due process violation, Fombeoh must show that the proceeding was "so fundamentally unfair that [she] was prevented from reasonably presenting [her] case." *Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016) (citation omitted). Fombeoh raises two due process claims: (1) that the immigration judge erred by conducting her hearing in English, and (2) that the immigration judge engaged in aggressive questioning. Neither is meritorious.

Due process requires that a removal hearing "be translated into a language an alien can understand." *Khan v. Ashcroft*, 374 F.3d 825, 829 (9th Cir. 2004).

Fombeoh's asylum application indicates that her native language is Ngwe, and she argues that she "did not understand critical elements of the hearing" because it was conducted in English. But Fombeoh also marked on her asylum application that she is fluent in English, told the immigration judge that English is the language she speaks and understands the best, and never requested an interpreter. Although she occasionally misunderstood a question or asked for repetition, the record demonstrates that she received "a fair opportunity to relate [her] version of events." *Kotasz v. INS*, 31 F.3d 847, 850 n.2 (9th Cir. 1994). The immigration judge did not violate Fombeoh's due process rights by proceeding in English.

Fombeoh also argues the immigration judge violated her due process rights by "engaging in prosecutorial-style questioning." The immigration judge is authorized by statute to "interrogate, examine, and cross-examine the alien." 8 U.S.C. § 1229a(b)(1). Showing that an immigration judge "acted in an adversarial manner" does not establish a due process violation. *Rizo*, 810 F.3d at 693.

The Board did not err in addressing Fombeoh's due process claims. Her arguments regarding the immigration judge's conducting the hearing in English and engaging in aggressive questioning were components of her objection to the adverse credibility determination. The Board addressed and rejected those arguments when it stated that Fombeoh's "attempt on appeal to explain the numerous and fundamental inconsistences does not render the Immigration Judge's

19-70355

factual findings clearly erroneous." *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (noting that the agency must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" but need not "write an exegesis on every contention" (citation omitted)).

3. Substantial evidence supports the denial of CAT relief. The immigration judge made an adverse credibility finding, and except for the "due process concerns, related to the Judge's adverse credibility determination," Fombeoh does not challenge that finding here. Instead, she argues that country conditions evidence in the record was sufficient to compel CAT relief. "An adverse credibility determination does not, by itself, necessarily defeat a CAT claim," *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014), because country reports alone could show that the petitioner is more likely than not to be tortured. *Layalan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021). But a petitioner must still demonstrate a "particularized and non-speculative" risk of torture to prevail on a CAT claim. *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (emphasis omitted). While the country conditions evidence in the record shows that government security forces have tortured suspected separatists in the Anglophone regions of Cameroon, the immigration judge found that Fombeoh has not shown that she would be targeted for torture if removed to Cameroon. The Board adopted that finding, and Fombeoh

19-70355

does not identify any specific evidence that compels the conclusion that she faces "any particular threat of torture beyond that of which all citizens of [Cameroon] are at risk." *Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam); *see also Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006) (holding that discredited testimony and general country reports of torture did not compel a grant of CAT relief).

**PETITION DENIED.**