NOT FOR PUBLICATION

**FILED**

APR 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARPREET SINGH KHERA,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 21-717<br><br>Agency No.<br>A096-767-725<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2026**
Pasadena, California

Before: CALLAHAN, BUMATAY, and TUNG, Circuit Judges.

Harpreet Singh Khera petitions for review of the Board of Immigration

Appels' ("BIA") decision affirming the Immigration Judge's ("IJ") decision denying

Khera (1) special rule cancellation of removal, (2) withholding of removal, and (3)

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). We dismiss the petition in part and deny in part.

1.    We do not have jurisdiction to review the IJ's denial of special rule cancellation of removal. "Cancellation of removal," is a "discretionary type[] of immigration relief available to noncitizens only as a matter of grace, not entitlement." *Santos-Zacaria v. Garland*, 598 U.S. 411, 426 (2023). Eligibility for special rule cancellation is a two-step process. *Wilkinson v. Garland*, 601 U.S. 209, 212–13 (2024). First, the IJ must determine that the applicant is qualified for cancellation. Next, the IJ must determine that the applicant warrants a favorable exercise of discretion. *Id.* "[T]he IJ's second determination, whether to exercise his discretion favorably and grant the noncitizen relief in the particular case, is not a question of law under § 1252(a)(2)(D), so our jurisdiction is precluded by § 1252(a)(2)(B)(i)." (simplified). *Gonzales-Juarez v. Bondi*, 137 F.4th 996, 1000 n.2 (9th Cir. 2025).

The IJ's discretionary decision is dispositive. The BIA affirmed the IJ's discretionary decision, agreeing that Khera "[did] not merit a grant of special rule cancellation of removal in the exercise of discretion." We do not have jurisdiction to review this determination. Thus, we dismiss the petition for review of the IJ's discretionary decision.

2.    Khera failed to exhaust his challenge to the IJ's denial of withholding

of removal. "To exhaust a claim, the noncitizen must put the BIA on notice of the challenge, and the BIA must have an opportunity to pass on the issue." *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (simplified). Khera's brief before the BIA included one conclusory paragraph on the relevant issue. That paragraph merely declared that the IJ erred and that the evidence Khera presented to the IJ was sufficient for withholding of removal. This briefing "merely asserts that the IJ erred" and "does not apprise the BIA of the particular basis" for Khera's claim. *Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016). The BIA thus concluded that Khera did "not set forth any appellate argument" related to the merits of his withholding claim. We thus deny Khera's challenge to the IJ's denial of withholding of removal.

3.  Substantial evidence supports the BIA's denial of CAT protection. An applicant seeking CAT protection must show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). And he or she must also establish that the torture will be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Whether the petitioner was subject to past torture is "ordinarily the principal factor" a reviewing court relies on when conducting substantial evidence review. *Gomez Fernandez v. Barr*, 969 F.3d 1077, 1091 (9th Cir. 2020) (simplified).

Khera alleges that, as a Sikh, it is more likely than not that he would be tortured if removed to India. The only evidence of past persecution he points to is an incident from 1997 where he was beaten up by other students when he was in high school. But Khera does not point to any evidence that the attack was "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Khera also testified that his family—also Sikhs—continue to live in India and have not been harmed. Because "a petitioner's fear of future persecution is weakened, even undercut, when similarly situated family members living in the petitioner's home country are not harmed," the status of Khera's family suggests that he is not more likely than not to be persecuted in India. *Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) (simplified). So the BIA did not err in affirming the IJ's denial of CAT protection. Accordingly, we deny the petition on this issue.

**DISMISSED IN PART AND DENIED IN PART.**