**NOT FOR PUBLICATION**

**FILED**

MAY 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GAUDENCIO BAZAN-HUERTA, | No. 25-1278 |
| Petitioner, | Agency No. A213-082-692 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2026**
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

Petitioner Gaudencio Bazan-Huerta seeks review of a Board of Immigration

Appeals ("BIA") decision affirming an immigration judge's ("IJ's") denial of his

motion to dismiss removal proceedings under 8 C.F.R. § 1239.2(c) and denying his

renewed motion to dismiss removal proceedings under the same provision. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review the BIA's denial of a motion to dismiss for abuse of discretion but review its underlying legal conclusions de novo. *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). "The Board abuses its discretion when its decision is arbitrary, irrational, or contrary to law." *Cruz Pleitez v. Barr*, 938 F.3d 1141, 1143 (9th Cir. 2019) (citation omitted). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), and we deny the petition.

1.      The BIA did not err when it denied Petitioner's motion to dismiss under 8 C.F.R. § 1239.2(c) because that regulation is inapplicable here. Indeed, § 1239.2(c) permits the Government to move for dismissal on certain enumerated grounds. *See* 8 C.F.R. § 1239.2(c) ("After commencement of [removal] proceedings . . . government counsel or an officer enumerated in 8 C.F.R. 239.1(a) may move for dismissal of the matter on the grounds set out under 8 C.F.R. 239.2(a)). But here, *Petitioner*—not the Government—moved to dismiss. Petitioner presented no evidence that the Department of Homeland Security's ("DHS's") 2022 email noting that it did not oppose dismissal as a matter of prosecutorial discretion still represented DHS's position on the matter in 2025, when the case came before the BIA. Even assuming DHS did not oppose the motion to dismiss in 2025, its email did not indicate its intent to join Petitioner's motion to dismiss, nor did it cite an enumerated ground for dismissal under § 239.2(a). And Petitioner cites no valid authority in support of his assertion that the

2                                                      25-1278

BIA must grant an unopposed motion to dismiss. Because § 1239.2(c) does not permit dismissal on a petitioner's motion, the BIA did not abuse its discretion or violate due process when it denied Petitioner's motion to dismiss under § 1239.2(c).

2. Petitioner also argues that the BIA abused its discretion and violated his due process rights by failing to address his argument that the IJ wrongfully denied his motion to dismiss. Indeed, "IJs and the Board are not free to ignore arguments raised by a petitioner entirely." *Honcharov v. Barr*, 924 F.3d 1293, 1296 n.2 (9th Cir. 2019) (per curiam) (cleaned up). But the agency is not obligated to address conclusory statements that the IJ erred. *See Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016) (A "conclusory statement [that] does not apprise the BIA of the particular basis for [the petitioner's] claim that the IJ erred . . . does not meaningfully challenge the IJ's decision on appeal.").

On appeal to the BIA, Petitioner did not make any specific arguments regarding how the IJ erred in denying his motion to dismiss. The Notice of Appeal to the BIA solely stated that the "Immigration Judge erred as a matter of law and discretion in not terminating [the] case." Petitioner did not file an accompanying brief, although he indicated on the Notice of Appeal that he intended to do so, and the BIA granted him an extension of time to file one. The BIA acknowledged that Petitioner objected to the IJ's denial of his motion to dismiss, but explained that,

because Petitioner did not support this objection with any arguments, legal authority, or record evidence, there was no apparent reason to disturb the IJ's decision. The BIA could not have disregarded Petitioner's arguments because Petitioner did not make any.

3.      Petitioner further argues that the IJ wrongly concluded that it lacked jurisdiction to adjudicate his motion to dismiss. But, as the Government correctly notes, Petitioner did not exhaust this claim because he did not raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."). "Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged." *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (citations omitted). Because Petitioner did not raise any specific arguments in his Notice of Appeal or file an accompanying brief, he did not put "the BIA . . . sufficiently on notice so that it had an opportunity to pass on the issue." *Id*. (citation modified). Accordingly, Petitioner failed to exhaust the jurisdictional argument.

**PETITION DENIED.**[1]

---

[1] Petitioner's Motion to Stay Removal (Dkt. No. 3) is denied upon issuance of the mandate.